IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SARAH N. BROWN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CASE NO. 4:12cv136 |
| | § | |
| CROW'S NEST INVESTORS, LLC, | § | |
| d/b/a CROW'S NEST TRADING CO., | § | |
| | § | |
| Defendant | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Petition Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure Based on a Lack of Personal Jurisdiction (Dkt. 8). Having reviewed the motion, the response, the applicable authorities, and the record in this case, the Court finds that the motion to dismiss should be DENIED.

### BACKGROUND

This case involves a suit by Sarah Brown against Defendant Crow's Nest Investors, LLC for pregnancy and sex discrimination in violation of Chapter 21 of the Texas Labor Code. According to Plaintiff's Second Amended Petition, Defendant discriminated against her when it forced her to train her replacement, who was not pregnant, and then terminated her in violation of the Texas Labor Code after she returned from pregnancy leave (Dkt. 3 ¶ 67). Plaintiff's suit is based in diversity jurisdiction and seeks damages under the Texas Labor Code including: (1) an injunction prohibiting

Defendant from engaging in unlawful labor practices, (2) equitable relief, (3) punitive damages, (4) compensatory damages for future losses, (5) reasonable attorney's fees and costs including expert fees, and (6) pre and post-judgment interest (Dkt. 3 ¶¶ 71(a)-(f)).

In its Motion to Dismiss, Defendant Crow's Nest, a North Carolina resident, argues that this Court does not have personal jurisdiction over it (Dkt. 8). Plaintiff has filed a response in opposition (Dkt. 16).

## STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if: (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those

contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia,* 466 U.S. 408, 414-19 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the forum state and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.") (internal citations omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

3

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)). Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

### ANALYSIS

In its motion, Defendant argues that it is not subject to personal jurisdiction in this Court because: (1) it does not have sufficient minimum contacts with the Texas to confer jurisdiction, and (2) it would not be fair and reasonable to require it to litigate in Texas (Dkt. 8 at 4, 6). Specifically, Defendant claims that it is a North Carolina, L.L.C.; has never been qualified to do business in Texas; has never held an agent for service in Texas; has never owned real or personal property in Texas; has never recruited employees in Texas; and has never maintained an office in Texas (Dkt. 20 at 8).

Plaintiff responds that uncontroverted facts in her affidavit show Defendant has substantial in-forum contacts of the sort that make it fair for this Court to exercise jurisdiction over Defendant.

Specifically, Plaintiff's affidavit sets forth the following jurisdictional allegations: that Plaintiff procured merchandise for Defendant in Texas markets when Plaintiff resided in Maryland; that Defendant continued to employ Plaintiff for a period of several years after Plaintiff moved to Texas in December 2008; that Plaintiff purchased merchandise from Texas markets on Defendant's behalf even after Plaintiff moved to Texas; that Defendant's CEO and Operations Director contacted Plaintiff in Texas by telephone and email during the duration of her employment; that Defendant sent another employee to Texas for Plaintiff to train in Texas; that Plaintiff's employment contract was re-negotiated while Plaintiff was in Texas; and that Plaintiff remained in Texas and worked for Defendant after she was demoted (Dkt. 16 Ex. 2 ¶¶ 10, 11, 13, 18, 20, 28, 30). These contacts with Texas are undisputed, and all disputed facts must be resolved in favor of Plaintiff.

When determining whether minimum contacts exist so as to confer specific jurisdiction, the Court must first examine whether Defendant purposely availed itself of the State of Texas. *Walk Haydel & Assocs.*, 517 F.3d at 243. The Court finds that Defendant purposely availed itself "of the benefits and protections" of the State of Texas. *See Johnston*, 523 F.3d at 609 (citing *Wilson*, 20 F.3d at 647). Defendant argues that it did not purposely avail itself of the forum because it did not recruit Plaintiff in Texas (Dkt. 20 at 5). However, recruiting employees in the forum state is not the only way a defendant purposely avails itself of the forum. Specifically, the Texas Long Arm Statute states that an entity is doing business in Texas when it acts in any of the following ways: "(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas

residents, directly or through an intermediary located in this state, for employment inside or outside this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. Defendant renegotiated the terms of Plaintiff's contract over the phone while Plaintiff was in Texas, and knew that Plaintiff would carry out part of her employment contract in Texas by attending Texas markets on Defendant's behalf. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174, 2185, 85 L. Ed. 2d 528 (1985) ("It is these factors-prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing-that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."); *Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 94 (5th Cir. 1992) ("At the threshold we seek the place where the contract is to be performed. That is a weighty consideration.") (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061 (5th Cir.1992)). By re-negotiating the terms of Plaintiff's contract in Texas, Defendant was doing business in Texas, thus availing itself of the forum.

Defendant also argues that all of its contacts with Texas grew out of Plaintiff's unilateral actions in the state. However, Defendant concedes that it was aware that Plaintiff was traveling to Texas markets even before Plaintiff moved to Texas (Dkt. 20 at 5). Additionally, Defendant sent multiple emails to Plaintiff in Texas, made numerous phone calls to Texas, directed Plaintiff to develop professional relationships with vendors in Texas to procure merchandise on behalf of the company, and sent another employee to Texas to be introduced to those Texas business contacts in order to benefit from them, even after Plaintiff was no longer employed by Defendant. These

contacts with Texas were not the unilateral acts of Plaintiff; Defendant directed its actions at Texas, thus it purposely availed itself "of the benefits and protections" of the State of Texas. *See Johnston*, 523 F.3d at 609 (citing *Wilson*, 20 F.3d at 647).

Secondly, the Court must determine whether Plaintiff's alleged injuries arise out of or relate to Defendant's contacts with the forum state. *Walk Haydel & Assocs.*, 517 F.3d at 243. Here, Plaintiff's alleged injuries clearly arise out of and relate to Defendant's contacts with Texas. Specifically, the alleged discrimination took place over the phone and by email and involves the manner in which Plaintiff was replaced. Therefore, the phone calls, emails, training of her alleged replacement, and Plaintiff's work in Texas are all closely related to the alleged discrimination. Because Defendant purposely directed its activities at Texas and because Plaintiff's alleged injuries closely relate to those activities, the Court finds that Plaintiff has made a *prima facie* showing of Defendant's minimum contacts in Texas. *See Walk Haydel & Assocs.*, 517 F.3d 235, 243.

Having found sufficient minimum contacts with Texas, the Court turns to whether exercising jurisdiction in this case would offend notions of fair play and substantial justice. The Court finds that the exercise of jurisdiction over Defendant in this case comports with notions of fair play and substantial justice. *See Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)). Specifically, the State of Texas and Plaintiff have a strong interest in resolving this matter because Defendant has sent its agents to work in and participate in Texas markets, has conducted employee training in the state of Texas, and has employed Texas residents. Also, it is not unreasonable to ask Defendant to litigate this case in Texas

given the fact that Defendant negotiated an employment contract with a Texas resident, knowing that her duties under the contract would be performed in Texas. Defendant has not shown how it could not have reasonably foreseen being haled into court in Texas, and Defendant has not made a sufficient showing that proceeding in this forum would be unjust. For these reasons, this Court may fairly exercise personal jurisdiction over Defendant.

### RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant's Motion to Dismiss Plaintiff's Second Amended Complain Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure Based on a Lack of Personal Jurisdiction (Dkt. 8) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE